IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BARBARA J. KEMP  PLAINTIFFS
and TIJUANNA HALL

VS.  NO. 3:15CV499-CWR-LRA

TOWER LOAN OF MISSISSIPPI, LLC
D/B/A TOWER LOAN OF BILOXI, and
FIRST TOWER LOAN, LLC D/B/A
TOWER LOAN OF EAST GULFPORT  DEFENDANTS

## ORDER PRELIMINARILY APPROVING CLASS
## SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

Class Representatives, Barbara J. Kemp and Tijuanna Hall, have filed their motion for preliminary approval of class action settlement and certifying settlement class. Docket No. 77. Defendants Tower Loan of Mississippi, LLC ("TLM") and First Tower Loan, LLC ("FTL"; TLM and FTL are referred to collectively as "Tower") have agreed to a settlement, the terms and conditions of which are set forth in an executed Settlement Agreement and Release (the "Settlement"), which has been filed with the Court. The Court held a hearing on July 31, 2017, and counsel for the parties, to the satisfaction of Court, addressed all issues raised by the Court. The Agreement requires, among other things, notice to the class members and a final hearing.

Having reviewed the terms and conditions of the Settlement Agreement and being satisfied with the responses to the Court's inquiries at the hearing, upon preliminary examination, the proposed settlement appears fair, reasonable and adequate. A hearing shall be held on December 18, 2017, after notice to the class members, to confirm that the proposed settlement is fair, reasonable and adequate, and to determine whether a Final Order and Judgment should be entered in this lawsuit.

A brief explanation of how we reached this point is appropriate.

I.  Factual and Procedural History

Plaintiffs filed this action in July 2015, alleging that defendant, Tower Loan of Mississippi, LLC, violated the Truth in Lending Act, 15 U.S.C § 1601 *et seq*. ("TILA"), as amended by the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), and the Dodd-Frank Wall Street Reform and Consumer Protection Act, and implementing Regulation Z, 12 C.F.R part 1026 in connection with mortgage loans it made in Southern Mississippi. Plaintiffs filed an Amended Complaint in January 2016, clarifying their legal theories. Plaintiffs filed a Second Amended Complaint in September 2016, adding First Tower Loan, LLC as a defendant because one of the plaintiffs' loans had been issued by FTL. At the heart of plaintiffs' claims was the assertion that defendants violated these laws and regulations when they made certain mortgage loans without making certain required disclosures.

The defendants answered the charges, raised numerous defenses and asserted counterclaims and opposed the certification of a class. The parties engaged in extensive written discovery and exchange of documents including a random sample of class member loan files. The parties participated in three court-ordered settlement conferences with United States Magistrate Judge Linda R. Anderson. The parties reached the Settlement through arm's-length negotiations following settlement conferences with the Magistrate Judge. They have now presented the Settlement to this Court for preliminary approval.

Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiffs and the proposed Settlement Class would fully, finally, and forever resolve, discharge, and release their claims in exchange for Tower's interest rate reduction of 1.254% on mortgage loans made to Settlement Class Members during the Class Period, without admission of liability by Tower, plus attorneys' fees and costs to Class Counsel, not to exceed $150,000.00, and

Service Awards to Class Representatives, not to exceed $5,000.00 per named Class Representative, to create a fund to benefit the Settlement Class. In addition, Tower has agreed to pay all fees and costs associated with providing notice to the Settlement Class and for Settlement Administrator implementation of the Settlement.

The Settlement has been filed with the Court, and Plaintiffs and Class Counsel filed an Unopposed Motion for Preliminary Approval of Class Settlement and for Certification of the Settlement Class (the "Motion"). Upon considering the Motion and exhibits thereto, the Settlement, the record in these proceedings, the representations and recommendations of Class Counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and parties to these proceedings; (2) the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed Class Representatives and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the parties and their capable and experienced counsel and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice program and proposed form of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for Service Awards for Plaintiffs, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's Fee Application, and/or the request for Service Awards for Plaintiffs; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant final approval of the

Settlement and enter Final Judgment, and whether to grant Class Counsel's Fee Application and request for Service Awards for Plaintiffs; and (8) the other related matters pertinent to the preliminary approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. As used in this Order, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2. The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 15 U.S.C. § 1640 and 28 U.S.C. § 1331. Specifically, the Court finds that Plaintiffs have standing to bring their claims outlined under TILA, as amended because they properly allege they (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendants, and (3) that is likely to be redressed by a favorable judicial decision. *See, e.g.*, *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016).

3. Venue is proper in this District.

Provisional Class Certification and Appointment of Class Representatives and Class Counsel

4. In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – *i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *In re Deepwater Horizon*, 739 F.3d 790, 818 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 754 (2014); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

5. The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court, therefore, provisionally certifies the following Settlement Class:

4

> All Borrowers of any Mortgage Loan with Tower that has a Date of
> Loan from June 1, 2013 through and including November 3, 2015.

6. Specifically, the Court finds, for settlement purposes, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

(a) <u>Numerosity</u>: In the Action there are approximately 405 potential class members in at least two states (Mississippi and Louisiana). Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. *See Pederson v. La. State Univ.*, 213 F.3d 858, 868 (5th Cir. 2000); *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999), *cert. denied*, 528 U.S. 1159 (2000) (numerosity satisfied where it would be difficult or inconvenient to join all of the class members). *See also McWilliams v. Advanced Recovery Sys., Inc.*, 310 F.R.D. 337, 339 (S.D. Miss. 2015) (where class consisted of hundreds of members joinder of all members determined to be impracticable) (citing FED. R. CIV. P. 23(a)(1)).

(b) <u>Commonality</u>: The threshold for commonality under Rule 23(a)(2) is not high. The bar for proving commonality is met when there is at least one issue whose resolution will affect all or a significant number of the putative class members. *Lightbourn v. Cty. of El Paso, Tex.*, 118 F.3d 421, 426 (5th Cir. 1997), *cert. denied*, 522 U.S. 1052 (1998). This Action satisfies the commonality requirement because there are questions of law and fact common to the Settlement Class that center on Tower's loan documentation and class-wide practices. *See* FED. R. CIV. P. 23(a)(2); *see also In re Checking Account Overdraft Litig.*, 275 F.R.D. 666, 673-74 (S.D. Fla. 2011), *pet. for leave to appeal denied*, No. 11-90012 (11th Cir. Oct. 7, 2011). Forcing each potential class member to proceed individually to prove the facts which center on Tower loan documentation and class-wide practices would run counter to the spirit of Rule 23. *See Walton v. Franklin Collection Agency, Inc.*, 190 F.R.D. 404, 409 (N.D. Miss. 2000).

(c) Typicality: Plaintiffs' claims are typical of the Settlement Class for purposes of this settlement because they concern the same alleged practices, arise from the same legal theories, and allege the same types of entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) (for the typicality prong, "the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class.")

(d) Adequacy: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the Settlement Class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See Stirman,* 280 F.3d at 563. Rule 23(a)(4) is satisfied here because plaintiffs will fairly and adequately protect the interests of the class. There are no conflicts of interest between the Plaintiffs and the Settlement Class, and Plaintiffs have retained competent counsel to represent them and the Settlement Class. Class Counsel here regularly engage in consumer class litigation and other complex litigation similar to the present Action, and have dedicated substantial resources to prosecuting the Action. Their experience is extensive, *see* Docket No. 2-1, and satisfies the considerations of Rule 23(g). Moreover, the Plaintiffs and Class Counsel have vigorously and competently represented the Settlement Class Members' interests in the Action.

(e) Predominance and Superiority: Rule 23(b)(3) is satisfied for settlement purposes, as well, because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for hundreds of Settlement Class Members in a single, coordinated proceeding is superior to many individual lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members,

and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3); *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005) ("The predominance element requires a finding that common issues of law or fact predominate over any questions affecting only individual members."). Based on the record currently before the Court, the predominance requirement is satisfied here for settlement purposes because common questions present a significant aspect of the case and can be resolved for all Settlement Class Members in a single common judgment. The Court finds that a class action is the superior method to adjudicate this controversy. *See McWilliams*, 310 F.R.D. at 340.

7. Consistent with the terms of the Second Amended Complaint, the Court appoints the following persons as Class Representatives: Barbara J. Kemp and Tijuanna Hall.

8. The Court appoints the following persons and entities as Class Counsel who shall be responsible for handling all Settlement-related matters on behalf of Plaintiffs and the Settlement Class:

>EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
>Daniel A. Edelman
>Tara L. Goodwin
>20 South Clark Street, Suite 1500
>Chicago, IL 60603-1824
>Tel. (312) 917-4502; and
>
>JASON GRAEBER ATTORNEY AT LAW
>Jason Graeber
>2462 Pass Road
>Biloxi, MS 39531
>Tel. (228) 207-7117

Preliminary Approval of the Settlement

9. At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the range of reasonableness or possible approval. 4 *Newberg on Class Actions* §§ 13.14-15 (5th ed. 2014). Preliminary approval is appropriate where the proposed settlement is

the result of the parties' good faith negotiations, there are no obvious deficiencies, and the settlement falls within the range of reason. Settlement negotiations that involve arm's-length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *Id. at* § 13.14. A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations conducted by experienced, knowledgeable counsel. *City of Providence v. Aeropostale, Inc.*, No. 11 CIV. 7132(CM)(GWG), 2014 WL 1883494, at *4 (S.D.N.Y. May 9, 2014), *aff'd sub nom. Arbuthnot v. Pierson*, 607 F. App'x 73 (2d Cir. 2015); *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 173-74 (S.D.N.Y. 2000), *aff'd sub nom. D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001).

10. The Court preliminarily approves the Settlement, and the exhibits appended to the Motion, as fair, reasonable and adequate. The Court finds that the Settlement was reached in the absence of collusion, and is the product of informed, good-faith, arm's-length negotiations between the parties, and their capable and experienced counsel under the supervision of Magistrate Judge Anderson. The Court further finds that the Settlement, including the exhibits appended to the Motion, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter final judgment.

Approval of Class Notice and Class Notice Program and Direction to Effectuate Notice

11. The Court approves the form and content of the Class Notice to be provided to the Settlement Class, substantially in the form appended as Exhibit A to the Settlement. The Court further finds that the Class Notice program, described in Section VII of the Settlement, is the most

practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's Fee Application, and the request for Service Awards for Plaintiffs. The Class Notice and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class Notice and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the constitutional requirement of due process.

12. The Court directs the parties to agree to one who will act as the Settlement Administrator.

13. The Settlement Administrator shall implement the Class Notice program, as set forth below and in the Settlement, using substantially the form of Class Notice appended as Exhibit A to the Settlement and approved by this Order. Notice shall be provided to the Settlement Class Members pursuant to the Class Notice program, as specified in Section VII of the Settlement and approved by this Order. The Class Notice program shall include a mailed Class Notice, as set forth in the Settlement.

Class Notice Program

14. The Settlement Administrator shall administer the Class Notice program. Within 20 days from the date that the Settlement Administrator receives from Tower the data files that identify the names and last known addresses of the identifiable Settlement Class Members, as set forth in paragraph 68 of the Settlement, the Settlement Administrator shall run such addresses

through the National Change of Address Database, and shall mail to all such Settlement Class Members the Class Notice (the "Initial Notice") in sealed envelopes.

15. The Settlement Administrator shall perform reasonable address traces for all Initial Notices that are returned as undeliverable. No later than 35 days after the first Initial Notice was mailed, the Settlement Administrator shall complete the re-mailing of Class Notices to those Settlement Class Members whose new addresses were identified as of that time through address traces (the "Notice Re-mailing Process").

16. The entire Class Notice program (both the Initial Notice and the Notice Re-mailing Process) shall be completed no later than 35 days after the first Initial Notice was mailed. Within seven days after the date the Settlement Administrator completes the Notice Re-mailing Process, the Settlement Administrator shall provide Class Counsel and Tower's counsel an affidavit that confirms that the Class Notice program was completed in a timely manner. Class Counsel shall file such affidavit with the Court in conjunction with Plaintiffs' Motion for Final Approval of the Settlement.

17. All fees and costs associated with the Class Notice program shall be paid by Tower, as set forth in the Settlement.

Final Approval Hearing, Opt-Outs, and Objections

18. The Court directs that a Final Approval Hearing shall be scheduled for December 18, 2017 at 10:00 a.m., to assist the Court in determining whether to grant Final Approval to the Settlement and enter the Final Approval Order and Judgment, and whether Class Counsel's Fee Application and request for Service Awards for Plaintiffs should be granted.

19. The Court directs that any person within the Settlement Class definition who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class

by following the opt-out procedures set forth in the Class Notice at any time during the Opt-Out-Period. To be valid and timely, opt-out requests must be postmarked on or before the last day of the Opt-Out Period (the "Opt-Out Deadline"), which is 49 days after the first Initial Notice was mailed, and mailed to the address indicated in the Class Notice, and must include:

    (a)    the full name, telephone number and address of the person seeking to be excluded from the Settlement Class;

    (b)    a statement that such person wishes to be excluded from the Settlement in *Barbara J. Kemp and Tijuanna Hall v. Tower Loan of Mississippi, LLC d/b/a Tower Loan of Biloxi, and First Tower Loan, LLC d/b/a Tower Loan of East Gulfport*, United States District Court for the Southern District of Mississippi Northern Division Mississippi Civil Action No. 3:15-CV-00499-CWR-LRA; and

    (c)    the signature of the person seeking to be excluded from the Settlement Class.

The Opt-Out Deadline shall be specified in the Class Notice. All persons within the Settlement Class definition who do not timely and validly opt-out of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the Releases set forth in Section XIV of the Settlement.

20.    The Court further directs that any person in the Settlement Class who does not opt-out of the Settlement Class may object to the Settlement, Class Counsel's Fee Application and/or the request for Service Awards for Plaintiffs. Any such objections must be mailed to the Settlement Administrator, at the address indicated in the Class Notice. For an objection to be considered by the Court, the objection must be submitted no later than the last day of the Opt-Out Period, as specified in the Class Notice, and must be received by the Settlement Administrator no later than 10 days after the end of the Opt-Out Period. The objection must include the following information:

    (a)    the name of the Action;

    (b)    the objector's full name, address, and telephone number;

(c) an explanation of the basis upon which the objector claims to be a Settlement Class Member;

(d) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his / her counsel;

(e) the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

(f) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

(g) a copy of any orders related to or ruling upon counsel's or the firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five (5) years;

(h) any and all agreements that relate to the objection or the process of objecting – whether written or oral – between objector or objector's counsel and any other person or entity;

(i) the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

(j) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

(k) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

(l) the objector's signature (an attorney's signature is not sufficient).

If submitted by mail, an objection must be mailed first-class, postage-prepaid, and addressed in accordance with the instructions in the Class Notice, and shall be deemed to have been submitted on the postmark date indicated on the envelope. If submitted by private courier (*e.g.*, Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

Further Papers in Support of Settlement and Fee Application

21. Plaintiffs and Class Counsel shall file their Motion for Final Approval of the Settlement, Request for Service Awards for Plaintiffs and Fee Application no later than 21 days before the Final Approval Hearing.

22. Plaintiffs and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement and the Fee Application no later than 14 days before Final Approval Hearing. If Tower chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement, it also must do so no later than 14 days before Final Approval Hearing.

Effect of Failure to Approve the Settlement or Termination

23. In the event the Settlement is not approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order and Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) All of the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved;

(c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against Tower or Plaintiffs on any point of fact or law; and

(d) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

Stay/Bar of Other Proceedings

24. All proceedings in the Action are hereby stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiffs, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) against any of the Released Parties any action or proceeding in any court asserting any of the Released Claims; provided that, any person in the Settlement Class who validly and timely opt-outs of the Settlement Class in accordance with the opt-out procedures set forth in the Class Notice may submit a request to the Court to lift this injunction and/or stay.

25. Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must precede it:

(i) The Settlement Administrator shall establish the toll-free telephone line as soon as practicable following Preliminary Approval, but no later than the date of the Initial Notice;

(ii) The Settlement Administrator shall complete the Notice program no later than 35 days after sending the first Initial Notice;

(iii) Plaintiffs and Class Counsel shall file their Motion for Final Approval of the Settlement, Request for Service Awards for Plaintiffs and Fee Application no later than 21 days before the Final Approval Hearing, by November, 27, 2017;

(iv) Settlement Class Members must file with the Settlement Administrator any objections to the Settlement, the Service Awards and/or Class Counsel's application for fees, costs, and expenses no later than the last day of the Opt-Out Period;

(v) Settlement Class Members must file requests for exclusion from the Settlement by no later than the last day of the Opt-Out Period;

(vi) Plaintiffs and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement and Fee

Application no later than 14 days before the Final Approval Hearing, by December 4, 2017;

(vii) If Tower chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement, it shall do so no later than 14 days before the Final Approval Hearing, by December 4, 2017; and

(viii) The Final Approval Hearing will be held on December 18, 2017, at 10:00 a.m. in Courtroom 5B, United States Courthouse, 501 East Court Street, Jackson, Mississippi.

DONE AND ORDERED this 8th day of August, 2017.

s/ *Carlton W. Reeves*
CARLTON W. REEVES
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF MISSISSIPPI